959 A.2d 286

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. STEVEN STULL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 15, 2008—Decided November 18, 2008.

Before Judges SKILLMAN, GRAVES and GRALL.

*Stuart J. Alterman,* argued the cause for appellant (*Alterman & Associates,* attorneys; *Daniel M. Replogle, III,* on the brief).

*Stacey M. Geurds,* Assistant Prosecutor, argued the cause for respondent (*Joseph L. Bocchini, Jr.,* Mercer County Prosecutor, attorney; *Ms. Geurds,* of counsel and on the brief).

The opinion of the court was delivered by

GRALL, J.A.D.

Defendant Steven Stull appeals from a final judgment of conviction entered after a trial de novo on defendant's appeal from his conviction for simple assault, *N.J.S.A.* 2C:12–1a(1). He does not challenge the fines imposed or the order compelling forfeiture of his position as police officer with the Hamilton Township Police Department and barring him from holding a public office or position in the future, *N.J.S.A.* 2C:51–2a(2); *N.J.S.A.* 2C:51–2d.

Defendant contends that the State did not prove an essential element of simple assault, bodily injury. On the basis of sufficient credible evidence in the record as a whole, the judge reasonably concluded that defendant caused "physical pain" that is adequate to establish "bodily injury," *N.J.S.A.* 2C:11–1a. *State v. Johnson,* 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964). That determination is not "clearly ... mistaken ... and so plainly unwarranted" as to warrant our intervention in "the interests of justice." *Ibid.* Accordingly, we affirm.

On January 11, 2006, defendant was a spectator at a basketball game played in the gymnasium of a middle school in Hamilton Township. His wife, daughter and father were also at the game. After the game was over, defendant's daughter, who had not been sitting with her parents, returned and told her mother and father that another child had been bothering her. She pointed out that child's mother, Mrs. Williams, who was sitting in the bleachers on the opposite side of the basketball court. Defendant's wife left the bleachers, crossed the floor and went to speak to Mrs. Williams. Rebecca Lang, who was sitting within ten feet of the women,

described them as yelling at one another. As their conversation became heated, defendant went to get his wife. Defendant spoke to Mrs. Williams, separated his wife and Mrs. Williams and escorted his wife down the bleachers. Defendant acknowledged telling his wife that Mrs. Williams was ignorant. Mrs. Williams and her son heard that remark and an offensive name defendant and his wife used to describe Mrs. Williams. As Mrs. Williams's son described defendant's conduct, defendant was "talking trash" while he and his wife were leaving the bleachers.

Mrs. Williams and her son were also ready to leave the gym, and they too walked down the bleachers. When she reached the gym floor, Mrs. Williams approached defendant and his wife to continue their discussion.

Defendant either pushed Mrs. Williams away or placed his arm between her and his wife. At that point, Mrs. Williams's son attempted to intervene and defendant placed him in a headlock.

There were sharply conflicting descriptions of the event that precipitated defendant's action. According to defendant and his father, the boy came at defendant from behind and punched him in the back of the head. The municipal court judge who heard the testimony did not believe defendant or his father. No witness other than defendant and his father saw the boy hit defendant.

By the boy's account, he attempted to separate his mother and defendant. Susan Fiorello, who also was standing on the gym floor, heard defendant tell the boy he needed to have more respect as he placed him in a headlock.

Lang saw defendant after he had the boy in a headlock. She described the boy as bent at the waist with his head down, near the bottom of the bleachers. According to Fiorello, defendant walked back and forth with the child in a chokehold in a fifteen- to twenty-foot area of the gym. As the boy described it, defendant's arm was "around [his] neck, squeezing it and yanking [him] all over the place." The boy said he was "off balance kind of because he was swinging me all over the place."

The witnesses' estimates of the period of time defendant held the child in a headlock varied. The lowest estimate was fifteen seconds and the highest was thirty seconds.

Defendant testified that he released the boy voluntarily. All of the other witnesses who were present at that time said that several adults intervened before the boy was freed from the headlock. Fiorello was standing close enough to see the boy's eyes while he was in the headlock. He was "looking at [her], like help, in a sense, what is going on[,] in disbelief...."

■ Simple assault is committed when a person "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another." *N.J.S.A.* 2C:12–1a(1). "Bodily injury" is "physical pain, illness or any impairment of physical condition." *N.J.S.A.* 2C:11–1a. There is no question that a person may use force against another without causing "bodily injury." *See State v. Sewell,* 127 *N.J.* 133, 146–47, 603 *A.*2d 21 (1992) (comparing the elements of simple assault and robbery).

■ Defendant contends that the State did not prove bodily injury beyond a reasonable doubt. He correctly notes that this boy did not describe what he felt when defendant was squeezing his neck and yanking and swinging him around. And, there was no evidence that the boy sustained bruises or sought or received treatment after he was released.

■ "Not much is required to show bodily injury. For example, the stinging sensation caused by a slap is adequate to support an assault." *N.B. v. T.B.,* 297 *N.J.Super.* 35, 43, 687 *A.*2d 766 (App.Div.1997) (citing *State v. Downey,* 242 *N.J.Super.* 367, 371, 576 *A.*2d 945 (Law Div.1988)). In *State ex rel. S.B.,* 333 *N.J.Super.* 236, 244, 755 *A.*2d 596 (App.Div.2000), a teacher who was kicked by a student during an attempt to break up a fight testified that he "felt the impact of the kick, but [was not] in any particular pain." A witness testified that after the teacher was kicked, the teacher "went down and grabbed his leg." *Ibid.* Noting that the teacher had not said "he did not suffer pain," this court concluded

that "physical discomfort, or a sensation caused by a kick during a physical confrontation, as well as pain, as that word is commonly understood, is sufficient to constitute bodily injury for purposes of a prosecution for simple assault." *Ibid.*

■ A finder-of-fact required to determine questions such as whether a person was provoked, had an agreement with another not memorialized in a writing, or experienced physical pain, is called upon to assess matters that, unlike broken bones or windows, are not susceptible to proof by physical evidence. Even if there is direct testimony by the defendant describing his or her state of mind or a description of physical pain experienced by the victim, the fact-finder is expected to evaluate the veracity of that evidence in light of the other proofs presented. When there is no direct testimony, the fact-finder may rely solely on inferences available from the proofs. *See, e.g., State v. Samuels,* 189 *N.J.* 236, 246, 914 *A.*2d 1250 (2007) (conspiracy); *State v. Powell,* 84 *N.J.* 305, 314, 419 *A.*2d 406 (1980) (passion/provocation manslaughter).

■ " '[T]here are no legal rules as to what inferences may be drawn. The question is one of logic and common sense.' " *Samuels, supra,* 189 *N.J.* at 246, 914 *A.*2d 1250 (quoting *Powell, supra,* 84 *N.J.* 305, 314, 419 *A.*2d 406 (1980)). It is well-settled that the State may meet its obligation to prove guilt beyond a reasonable doubt by relying on inferences that are "reasonable on the evidence as a whole." *Ibid.* (internal quotations omitted).

■ There is no more reason to conclude that proof of physical pain requires a description of the victim's physical pain from the victim or witnesses who observed a response than there is to conclude that proof of conspiracy requires an admission or observation of the formation of a pact between co-conspirators. Without question, a fact-finder could reasonably doubt a victim's description of his or her physical pain in the absence of evidence of more than a gentle touch. Conversely, a fact-finder, using logic and common sense, can conclude beyond a reasonable doubt that a

person who was subjected to a more forceful touching, like a punch in the face, experienced pain even if that person does not describe the sensation or exhibit a bruise. We have affirmed findings of physical pain relying largely on inferences available on the proofs of the nature of the contact in the past. *See, e.g., S.B., supra,* 333 *N.J.Super.* at 244, 755 *A.*2d 596.

In this case, the judge relied on the descriptions of defendant's conduct given by the victim and witnesses. She noted that the boy's head was held in a headlock with sufficient force to successfully hold him for a period of twenty to thirty seconds, that his head was forced down low and that he was dragged along the gym floor for some distance. On that basis, the judge concluded the sensation that would result from that conduct was sufficient to constitute physical pain, as that term was construed by this court in *S.B.* We cannot conclude that the judge's finding lacks the support of substantial credible evidence in the record as a whole or that it is so clearly mistaken as to permit us to intervene in the interest of justice. *Johnson, supra,* 42 *N.J.* at 162, 199 *A.*2d 809. The relevant testimony of the victim, Fiorello and Lang, which the municipal court judge found credible after noting inconsistencies, supports the finding.

Because we accept the judge's determination that defendant is guilty of simple assault based on the infliction of bodily injury, we do not address defendant's alternative argument, which is that the evidence was inadequate to sustain a conviction for simple assault based on an attempt to cause bodily injury. *N.J.S.A.* 2C:12–1a(1). Defendant's conviction is not based on attempt to cause bodily injury.

Affirmed.